IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDRE BINAIRD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 10-1083-SLR |
| | ) |
| DAVID PIERCE, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents.[1] | ) |

Andre Binaird. Pro se petitioner.

Gregory E. Smith. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

October 10, 2013
Wilmington, Delaware

---

[1] Warden David Pierce replaced former Warden Perry Phelps, an original party to this case. See Fed. R. Civ. P. 25(d).

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner Andre Binaird ("petitioner") is a Delaware inmate in custody at the James T. Vaughn Correctional Center in Wilmington, Delaware. Presently before the court is petitioner's amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1; D.I. 6) For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As set forth by the Delaware Supreme Court, the facts leading to petitioner's arrest and conviction are as follows:

> On September 25, 2007, William Pearson visited the home of Shawanda Jones, [petitioner's] ex-girlfriend. While in the upstairs bathroom, Pearson heard a commotion downstairs and then heard Jones running up the stairs saying "he's got a knife or something." Pearson opened the bathroom door and [petitioner] charged him with a knife. Pearson struggled with [petitioner] and attempted to disarm him. According to Pearson, during that struggle, [petitioner] stabbed him twice, once in the arm and once in the back, and bit Pearson on the arm. Pearson eventually disarmed [petitioner] and held [petitioner] in the bathtub until police arrived.

*Binaird v. State*, 967 A.2d 1256, 1258 (Del. 2009). Petitioner was arrested and subsequently indicted on the following charges: second degree assault; possession of a deadly weapon during the commission of a felony ("PDWDCF"); second degree burglary; terroristic threatening; non-compliance with conditions of bond; malicious interference with emergency communications; and criminal mischief. (D.I. 14 at 2) A Superior Court jury found petitioner guilty of second degree assault, PDWDCF, first degree criminal trespass (a lesser-included offense of second degree burglary), non-compliance with conditions of bond, and criminal mischief. He was acquitted on the

charges of terroristic threatening and malicious interference with emergency communications. Although he was represented by counsel, petitioner filed a pro se motion for judgment of acquittal. On April 30, 2008, the Superior Court denied the motion for judgment of acquittal, declared petitioner to be a habitual offender, and sentenced him to a total of sixteen years and sixty days of incarceration, suspended after serving fifteen years. *Id.* The Delaware Supreme Court affirmed petitioner's convictions and sentence. *See Binaird*, 967 A.2d 1256.

In August 2008, petitioner filed a pro se motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 14 at 2) The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See Binaird v. State*, 7 A.3d 484 (Table), 2010 WL 4320375 (Del. Nov. 1, 2010).

Petitioner timely filed a § 2254 application in this court, and then he filed an amended application. (D.I. 1; D.I. 6) The State filed an answer in opposition. (D.I. 14)

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to

2

state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry,* 513 U.S. 364, 365 (1995); *Castille v. Peoples,* 489 U.S. 346, 351 (1989); *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman,* 501 U.S. at 750; *Harris v. Reed,* 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the

errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see*

4

*also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784-85 (2011). The Supreme Court recently expanded the purview of the *Richter* presumption in *Johnson v. Williams*, __ U.S. __, 133 S.Ct. 1088 (2013). Pursuant to *Johnson*, if a petitioner has presented the claims raised in a federal habeas application to a state court, and the state court opinion addresses some but not all of those claims, the federal habeas court must presume (subject to rebuttal) that the state court adjudicated the unaddressed federal claims on the merits. *Id.* at 1096. The consequence of this presumption is that the federal habeas court will then be required to review the previously unaddressed claims under § 2254(d) whereas, in the past, federal habeas courts often assumed "that the state court simply overlooked the federal claim[s] and proceed[ed] to adjudicate the claim[s] de novo." *Id.* at *3.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is

5

only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000); Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## IV. DISCUSSION

Petitioner's amended application presents the following three grounds for relief: (1) defense counsel provided ineffective assistance by failing to file a motion for judgment of acquittal; (2) the trial court failed to rule on petitioner's pro se motion for judgment of acquittal; and (3) there was insufficient evidence to support petitioner's conviction for second degree assault. The State contends that claims one and three should be denied as procedurally barred, and claim two should be denied as meritless.

### A. Claim One: Ineffective Assistance of Counsel

In claim one, petitioner contends that defense counsel was ineffective for failing to file a motion for judgment of acquittal on the basis that there was insufficient evidence to support his second degree assault conviction. Petitioner asserts that counsel should have argued that the State failed to establish that Pearson's wounds were caused by a knife or weapon.

Although petitioner raised numerous ineffective assistance of counsel claims in his Rule 61 proceeding, the record reveals that he did not present the instant ineffective assistance of counsel argument to the Delaware Supreme Court. Consequently, he did not exhaust state remedies for claim two.

6

At this juncture, any attempt by petitioner to pursue this claim in the Delaware state courts would be barred under Delaware Superior Court Criminal Rule 61(i)(1) as time-barred, and under Rule 61(i)(2) as repetitive due to his failure to raise it in his first Rule 61 proceeding and post-conviction appeal. *See Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453 (D. Del. 1998)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior proceeding). Therefore, the court must treat the claim as exhausted but procedurally defaulted, meaning that the court cannot review its merits absent a showing of cause and prejudice, or that a miscarriage of justice will result without such review.

Petitioner does not allege, and the court cannot discern, any cause for his default of claim one. And, although the absence of cause obviates the court's need to address the issue of prejudice, the court notes that petitioner cannot demonstrate prejudice sufficient to excuse his default. When addressing petitioner's confrontation clause argument on direct appeal, the Delaware Supreme Court held that there was sufficient evidence to support petitioner's assault conviction. In reaching this holding, the Delaware Supreme Court noted that Pearson testified that he received two knife wounds during the altercation with petitioner, the first to his arm and the second to his back. The Delaware Supreme Court also considered Nurse Vaughn's testimony referencing the knife wound to Pearson's back, as well as her testimony that the abrasion on Pearson's arm could have been caused by a bite or a knife. Given the Delaware Supreme Court's implicit factual determination that at least one of the wounds was caused by a knife, petitioner cannot demonstrate a reasonable probability that the trial court would have granted a motion for judgment of acquittal premised on

7

petitioner's instant assertion that there was insufficient evidence that a knife caused the wounds.

Finally, petitioner's failure to present claim one to the Delaware Supreme Court cannot be excused under the "miscarriage of justice" exception to the procedural default doctrine, because he has failed to provide "new reliable" evidence that can establish his actual innocence. Accordingly, the court will deny claim one as procedurally barred.

### B. Claim Two: Trial Court Failed to Rule on Pro Se Motion for Judgment of Acquittal

In his second claim, petitioner contends that the trial court erred as a matter of law in failing to address his pro se motion for judgment of acquittal. The court is not convinced that this argument asserts an issue cognizable on federal habeas review. Nevertheless, even if the court were to presume that claim two presents a cognizable issue for review, it is factually baseless. The Superior Court Criminal Docket in this case clearly reveals that the trial court denied as meritless petitioner's pro se motion for judgment of acquittal on April 30, 2008. (D.I. 16, Del. Super. Ct. Cr. Dkt. Entry 16) In addition, during petitioner's post-conviction appeal, the Delaware Supreme Court concluded that petitioner's argument was "factually incorrect" and, therefore, denied the claim as meritless. Accordingly, to the extent claim two asserts a proper basis for federal habeas relief, the court will deny it as meritless.

### C. Claim Three: Insufficient Evidence to Support Assault Conviction

In his final claim, petitioner contends there was insufficient evidence to support his conviction for second degree assault. More specifically, petitioner asserts that the

State failed to establish that he stabbed Pearson with a knife and that the stabbing caused Pearson substantial injury or impairment.

The record reveals that petitioner never presented a free-standing insufficient evidence claim to the Delaware Supreme Court on direct appeal. However, as previously explained, when denying petitioner's confrontation clause claim, the Delaware Supreme Court actually held that there was sufficient evidence for the jury to find that Pearson suffered substantial injury to support a second degree assault conviction. Thus, the Delaware Supreme Court adjudicated a portion of the instant claim on direct appeal.

The record further reveals that petitioner presented his argument that there was insufficient evidence demonstrating that a knife caused Pearson's wounds to both the Superior Court and the Delaware Supreme Court in his Rule 61 proceeding. The Superior Court denied the argument as meritless. And, although the Delaware Supreme Court did not specifically refer to petitioner's free-standing insufficient evidence claim when it opined that "the judgment below should be affirmed on the basis of the Superior Court's well-reasoned decision dated April 26, 2010,"[2] the Delaware Supreme Court's post-conviction appellate decision constitutes an adjudication of petitioner's argument that there was insufficient evidence that the wounds were caused by a knife. See *Johnson*, 133 S.Ct. at 1096. Given these circumstance, habeas relief will only be warranted if the Delaware Supreme Court's decisions were either contrary to, or an unreasonable application of, clearly established federal law.

---

[2] *Binaird*, 967 A.2d at 1261.

9

The United States Supreme Court precedent governing petitioner's insufficient evidence claim is *Jackson v. Virginia*, 443 U.S. 307 (1979). Pursuant to *Jackson*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. Additionally, "a federal habeas court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326. However, it is not necessary that the evidence exclude every reasonable hypothesis except that of guilt. *Id.* Finally, when reviewing a habeas application "alleging an unconstitutional conviction due to insufficient evidence, federal courts do not review the reasoning underlying the state court's decision. Instead, we focus on whether the state court's ultimate decision – affirmation of the conviction – was supported by sufficient record evidence." *Rodriguez v. Rozum*, __ F. App'x __, 2013 WL 3481816, at *5 (3d Cir. 2013).

Turning to the § 2254(d)(1) inquiry, the court notes that a state court's decision is "contrary to" clearly established law under § 2254(d)(1) if "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases . . . or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that precedent]." *Williams*, 529 U.S. at 405. Significantly, the governing sufficiency of the evidence standard in Delaware is

10

identical to the standard articulated in *Jackson*. *See Carter v. State*, 933 A.2d 774, 777 (Del. 2007). In this case, the Delaware Supreme Court held on direct appeal that "the State presented sufficient evidence for a jury to find that [petitioner] physically injured Pearson," and this evidence supported petitioner's second degree assault conviction. *Binaird*, 967 A.2d at 1261. Similarly, when the Superior Court denied the insufficient evidence claim presented in petitioner's Rule 61 motion, it stated:

> [Petitioner's] fourth claim alleges that the State failed to prove all the elements required to convict him of assault second degree. Specifically, he claims that he did not intend to stab the victim. However, this was an issue for the jury and there was sufficient evidence in the record for the jury to find that [petitioner] did intentionally stab the victim. Therefore, this claim does not warrant relief.

*State v. Binaird*, ID No. 0709033236, Order at ¶ 7 (Del Super. Apr. 26, 2010). Admittedly, the Delaware State Courts did not mention the *Jackson* rule or the governing Delaware precedent for insufficiency of the evidence claims in their decisions. Nevertheless, because the state court decisions do not contradict the *Jackson* standard, the court concludes that the Delaware Supreme Court's rejection of claim three was not contrary to *Jackson*.

In addition, the Delaware Supreme Court's decisions did not involve an unreasonable application of *Jackson*. In Delaware, a person is guilty of second degree assault when he "recklessly or intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument." Del. Code Ann., tit. 11, § 612(a)(2). "Physical injury" is defined as "impairment of physical condition or substantial pain," Del. Code Ann. tit. 11, §§ 222(24), and a "deadly weapon" includes a knife. Del. Code Ann. tit. 11, § 222(5). In this case, the jury was presented with Pearson's

11

testimony that petitioner attacked him with a knife. Pearson described how, during the ensuing struggle, petitioner stabbed Pearson in the back and in the arm, and that petitioner also bit Pearson in the arm. The wound on Pearson's back required medical attention and two staples to close. Nurse Vaughn, the forensic nurse who treated Pearson at the hospital, testified that the wound on Pearson's back was consistent with a wound caused by a knife, and that the abrasion on Pearson's arm could have been caused by a bite or a knife. (D.I. 16, Binaird v. State, No.240,2008, State's Ans. Br. at 7-8) The State also played for the jury a videotape of a statement petitioner gave to a police detective. In the videotape, petitioner described that he was upset about what he perceived to be a romantic relationship between Jones and Pearson and that, when confronting Pearson about that relationship, Pearson was accidentally cut. (D.I. 16, Binaird v. State, No.240,2008, Appellant's Amended Op. Br., at 7-8)

After considering this evidence in a light most favorable to the prosecution, the court concludes that a rational trier of fact could have found petitioner guilty of second degree assault beyond a reasonable doubt. Therefore, the Delaware Supreme Court's denial of the instant claim involved a reasonable application of Jackson. The court also concludes that the Delaware Supreme Court's decision involved a reasonable determination of the facts in light of the evidence presented. Accordingly, the court will deny claim three for failing to satisfy the requirements of § 2254(d)

## V. PENDING MOTIONS

Petitioner filed three motions during the pendency of this proceeding: (1) a motion for representation by counsel (D.I. 22); (2) a motion for an evidentiary hearing (D.I. 23); and (3) a motion to expedite review (D.I. 24). The court has concluded that

the claims asserted in petitioner's application do not warrant relief. Therefore, the court will dismiss all three motions as moot.[3]

## VI. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

---

[3]Petitioner's reliance on *Martinez v. Ryan*, ___ U. S. ___, 132 S.Ct. 1309 (2012) in asserting his request for representation does not affect the court's decision to dismiss that motion as moot. Significantly, *Martinez* did not recognize or create an automatic constitutional right to counsel in collateral proceedings, or mandate that a federal district court provide representation for petitioners in § 2254 proceedings. *See Martinez*, 132 S.Ct. at 1319. Rather, *Martinez* provides a limited method for petitioners in federal habeas cases to prove cause for excusing their state court **procedural default** of certain ineffective assistance of counsel claims.

13

## VII. CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.